Law Offices of Richard M. Hendler
Richard M. Hendler, Esq. (rh2993)
14 Bond Street, Suite 218
Great Neck, NY 11021
(516) 984-6900
fax: (212) 504-2664
email: rhendler@gmail.com

*Attorney for the Plaintiff*

**UNITED STATES DISTICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────x

| | | |
|---|---|---|
| **ROSS SIEGEL** d/b/a **LAW OF INERTIA,** | : | Civil Action No.  08 Civ 7586 (JGK) |
| Plaintiff, | : | ECF CASE |
| -against- | : | COMPLAINT |
| | : | **Jury Trial Demanded** |
| **ALKALINE TRIO, L.L.C., MATTHEW THOMAS SKIBA, GLENN PORTER, DANIEL MICHAEL ANDRIANO and ASIAN MAN RECORDS, INC.** | : | |
| Defendants. | : | |

───────────────────────────────x

Plaintiff, Ross Siegel d/b/a Law of Inertia (the "Plaintiff"), by his attorney, Law Offices of Richard M. Hendler, as and for his Complaint against Alkaline Trio, L.L.C. ("Alkaline"), Matthew Thomas Skiba ("Skiba"), Glenn Porter ("Porter"), Daniel Michael Andriano ("Andriano"), and Asian Man Records ("AMR"), (collectively the "Defendants"), respectfully alleges, upon personal knowledge as to his own actions and upon information and belief as to the actions of the Defendants, as follows:

## PARTIES

1. Plaintiff, is a resident of the State of New York and at all times relevant herein has done business using the name, Law of Inertia, first at 205 Dryden Road, Suite 154, Ithaca, NY 14850 and then at 13 West 13th Street, New York, NY 10011.

2. Upon information and belief, the defendant, Alkaline, is a musical recording and performing group with offices at 2276 Dawson Lane, Algonaquin, IL 60102 and whose registered agent is Richard Vogel at 116 N Chicago Street, Suite 600, Joliet, IL 60432 and whose members are Skiba at 1310 Alma Avenue, Apt. W315, Walnut Creek, CA 94596; Andriano at 1232 Dunamom Drive, Bartlett, IL 60103; and Porter at 2276 Dawson Lane, Algonaquin, IL 60612. Upon information and belief, Alkaline, Skiba, Andriano, and Porter have transacted business within this judicial district and have participated in acts that have caused damages with this judicial district.

3. Upon information and belief, the defendant, AMR, is a producer and distributor of recorded music in the United States and the world with offices at 15855 Rose Avenue, Los Gatos, CA 95030 and at PO Box 35585, Monte Sereno, CA 95030. Upon information and belief, AMR has transacted business within this judicial district and has participated in acts that have caused damages with this judicial district.

## JURISDICTION AND VENUE

4. This action is brought upon claims arising under the Copyright Act of the United States (17 U.S.C. § 101, et. seq.) conferring exclusive jurisdiction over this action pursuant to § 1331 and § 1338(a) of the Judicial Code.

5. This action is also brought upon claims of unfair competition arising under the Lanham Act (15 U.S.C. § 1051, et. seq.) conferring jurisdiction pursuant to § 1331 and § 1338(a) of the Judicial Code.

6. Pursuant to 28 U.S.C. § 101, et. seq §§ 1391(a) and 1400, venue in this case is proper.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about March 21, 1999, Plaintiff and Alkaline negotiated and executed a recording agreement (the "Agreement"), a copy of which is attached hereto as Exhibit A and made a part hereof.

8. The Agreement outlines Plaintiff and Alkaline's rights and responsibilities, namely the recording and ownership of musical compositions.

9. In March of 1999, Alkaline recorded and released a musical composition for Plaintiff entitled "Exploding Boy" (the "Composition") and produced a master recording embodying the Composition as performed by Alkaline (the "Master Recording").

10. Pursuant to the Agreement, and at al relevant times the Plaintiff was and continues to be the owner of all right, title and interest, including the worldwide copyrights, in and to the Composition and the Master Recording.

11. The Composition and the Master Recording contain copyrightable subject matter under the laws of the United States. On December 5, 2007, the United States Copyright Office registered a claim to copyright in the Composition and the Master Recording to Plaintiff.

12. Subsequent to execution date of the Agreement, Alkaline signed with a new record label, AMR.

13. On or about April 18, 2000 or earlier, Defendants have held themselves out to be the owners of the copyrights in and/or to the Composition and Master Recording.

14. Further, in direct contravention of the Agreement and without authorization or permission from Plaintiff, Defendants have copied, and/or reproduced, and/or manufactured, and/or marketed, and/or distributed, and/or released, and/or sold the Composition.

15. The Defendants may have issued licenses allowing third parties to exploit the Composition and Master Recording.

16. The Defendants have interfered with Plaintiff's ability to license to third parties the right to exploit the Composition and Master Recording.

17. Additionally, Alkaline is in breach of the "Grant of Rights" covenant of the Agreement, which specifically states:

> Grant of Rights. We [Plaintiff] will own all rights, title and interest, including the worldwide copyrights in perpetuity, in the Master and all records derived from the Master. We will have the sole and exclusive right in perpetuity to manufacture, advertise, sell, license or otherwise dispose of the Masters and records derived from the Masters upon such terms, and under such trademarks, as we elect, or in our sole discretion, to refrain therefrom, and to perform the Masters publicly and to permit the public performance thereof by any method now or hereafter known.

18. As a result, Defendants' actions constitute unfair competition, infringement of the copyrights in the Composition and the Master Recording, and breach of contract.

19. On or about September 26, 2007, Plaintiff sent a letter, via email, to AMR, a copy of which is attached hereto as Exhibit B and made part hereof.

20. Plaintiff informed the Defendants of their breach of the Agreement, unfair competition, and copyright infringement.

21.     At the time of this Complaint, Plaintiff has and continues to suffer great injury due to the Defendants' egregious, willful, and intentional conduct.

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement)**

22.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 as if set forth in full.

23.     This cause of action arises under the United States Copyright Act, 17 U.S.C. § 101 et seq.

24.     The Defendants have held themselves out to be the owners of the copyrights in and to the Composition and Master Recording.

25.     AMR has advertised, and/or copied, and/or reproduced, and/or manufactured, and/or marketed, and/or distributed, and/or released, and/or sold copies of the Composition advertised within the United States and the rest of the world, without authority.

26.     AMR has advertised, and/or sold, and/or distributed in the United States copies of the Composition and Master Recording through various on-line facilities and retailers such as iTunes and Virgin Megastores.

27.     Defendants are not authorized to advertise, and/or copy, and/or reproduce, and/or, manufacture, and/or distribute, and/or otherwise exploit the Composition and the Master Recording.

28.     Alkaline's exploitation and/or authorization of third parties to use the Composition and Master Recording have resulted in the unauthorized exploitation of the Composition and the Master Recording.

29. The Defendants continue to commercially sell, distribute, and exploit the Composition and the Master Recording throughout the United States and the rest of the world.

30. The Defendants have interfered with Plaintiff's ability to exploit the Composition and the Master Recording.

31. The Defendants are likely to continue infringing the copyrights herein unless they are enjoined from further infringement.

32. Upon information and belief, the Plaintiff will continue to be harmed by the conduct of Defendants unless there is Court intervention.

33. The infringing acts of Defendants are, and if continued hereinafter will continue to be, committed willfully.

34. The infringing acts of Defendants are occurring within the United States, as well as outside the United States.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

35. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 as if set forth in full.

36. By reason of the infringement of the Defendants, Alkaline has breached its obligations under the Agreement.

37. Plaintiff informed Alkaline of its violation of the Agreement.

38. Alkaline has willfully ignored Plaintiff's requests to cease from its ongoing breach and continues to not conform to the Agreement.

39. By Alkaline's refusal to cease from the aforementioned activity, they are in breach of the Agreement and, as a result, Plaintiff has sustained and will continue to sustain

substantial injury, loss, and damage to his business and rights in the Composition and Master Recording.

    40.    By the reason of the aforementioned activity, the Plaintiff sustained damages in an amount to be determined at trial, but in no event less than the sum of $250,000.

## THIRD CAUSE OF ACTION

### (Unfair Competition under the Lanham Act)

    41.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 40 as if set forth in full.

    42.    This Cause of Action arises under the Lanham Act, 15 U.S.C. § 1501 et seq.

    43.    The Defendants have falsely designated themselves as the source of all worldwide rights in connection with the Composition and Master Recording.

    44.    The Defendants have made representations that falsely designated themselves or either of them as the source of all worldwide rights in connection with the Composition and Master Recording.

    45.    The Defendants have made false and/or misleading representations of fact in connection with the Composition and the Master Recording.

    46.    The foregoing representations by the Defendants are likely to cause confusion as to the services and/or commercial activities of Plaintiff.

    47.    The conduct of Defendants involved interstate commerce.

    48.    The Plaintiff has been harmed by the confusion created by Defendants.

    49.    The conduct of Defendants, if remain unchanged, will inure to the detriment of the Plaintiff.

50. The Defendants are likely to continue with the complained of conduct unless Defendants are ordered otherwise by this Court.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

51. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 50 as if set forth in full.

52. This Cause of Action arises under New York State law and jurisdiction of this claim is made pursuant to 28 U.S.C. § 1967.

53. Defendants' activities constitute unfair and unlawful practices in violation of the common law of the State of New York causing injury to Plaintiff.

54. Defendants' conduct has damaged, and continues to damage Plaintiff, in an amount to be determined at trial, but in no event less and $250,000.

55. Defendants are likely to continue with the complained of conduct unless they are ordered otherwise by this Court.

## FIFTH CAUSE OF ACTION

### (Bag Faith Dealings)

56. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 55 as if set forth in full.

57. In every contract, there is an implied covenant that the parties will deal with each other in good faith and fair dealing.

58. The conduct of Alkaline, in connection with the Agreement with Plaintiff, breached such an implied covenant.

59. Moreover, Alkaline willfully and intentionally breached the specific terms and provisions of the Agreement.

60. Despite the fact that Plaintiff notified Alkaline of the breach, Defendant continued to engage in unlawful conduct.

61. Consequently, Plaintiff sustained and continues to sustain extensive damages.

62. The conduct of Alkaline is likely to continue with the complained of conduct unless they are ordered otherwise by this Court.

63. As a consequence of the foregoing, Plaintiff suffered, and continues to suffer, economic injury, the full extent of which cannot be adequately determined at this time.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief on the First, Second, Third, Fourth, and Fifth Causes of Action, and respectfully requests that the Court:

1.) On the First, Second, Third, Fourth, and Fifth Causes of Action enjoin Defendants, their agents, servants, employees, successor and assigns, and affiliates from interfering with and/or infringing the copyrights in the Composition and the Master Recording in any manner;

2.) Require Defendants, their agents, servants, employees, affiliates, licensees, and successor and assigns to account for all gains, profits, sums collected as a result of manufacturing, distributing, selling, and/or otherwise exploiting the copyrights herein;

3.) Require Defendants to pay Plaintiff such damages as have been sustained as a consequence of the Defendants' infringement of the copyrights in the Composition and the Master Recording and to account to Plaintiff for all advantages derived by Defendants from such

infringement, but in no event should Plaintiff's recovery be less than the actual or statutory damages provided in the U.S. Copyright Act (at $150,000 per copyrighted work) for the infringement of the copyrights herein;

      4.)     As a result of Defendants' egregious, willful, and intentional conduct, Plaintiff respectfully requests reasonable attorneys' fees in connection with this action and proceeding;

      5.)     As a result of the willful and intentional conduct of the Defendants, Plaintiff respectfully requests punitive and/or exemplary damages in such amount as to be determined at trial; and

      6.)     Plaintiff respectfully requests that the Court grant such other and further relief as may be just and proper, together with the costs and disbursement of this action.

Dated: Great Neck, NY
       August 21, 2008

           **LAW OFFICES OF RICHARD M. HENDLER**

           *s/ Richard M. Hendler*
By: _____
           Richard M. Hendler (rh2993)

*Attorney for Plaintiff*

Mailing Address:
14 Bond Street, Suite 218
Great Neck, NY 11021
(516) 984-6900
rhendler@gmail.com

## **VERIFICATION**

      I, RICHARD M. HENDLER, being the attorney for the Plaintiff herein and admitted to practice in the courts of this court, hereby subscribes and affirms under the penalties of perjury that I have read the foregoing Summons and Verified Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matter(s) therein stated to be alleged upon information and belief, and as to those matters I believe to be true. The source of my information and belief are oral statements, documents and correspondence furnished by the Plaintiff and other documentation contained in Plaintiff's office files. The reason I make this verification is that the Plaintiff has its principal place of business and/or residence outside the county where my law office is located.

                                              *s/ Richard M. Hendler*

                                              _____

                                              Richard M. Hendler

**EXHIBIT A**

Ross Siegel d/b/a Law of Inertia
205 Dryden Rd., suite 154
Ithaca, NY 14850

Dated: As of March 21, 1999

LABEL
ADDRESS

Gentlemen:

You and we ("Company") agree as follows:

1. Delivery Commitment: "Pocket Bomb" (the "Album").

   (a) You have delivered to us a master recording (the "Master") embodying the featured musical performances of **The Alkaline Trio** ("Artist") embodying the musical composition (the "Composition") entitled **"Exploding Boy."** The Master has been mutually approved by you and us and is satisfactory, in our reasonable judgment, for the manufacture and sale of phonograph records hereunder; and

   (b) In connection with the Master, you shall deliver to us the following: (i) a master recording in the form of a Compact Disc or a stereo Digital Audio Tape, mixed, equalized and otherwise in the proper form for the production of parts necessary for the manufacture of phonograph records; (ii) all consents and clearances required for the manufacture and distribution of records hereunder, including all label copy information (e.g., the timing, title of the Composition, the name of the producer of the Master and any other information that is to appear on labels and/or liners of records containing the Master); and (iii) any Artwork (as defined below) which you and we have agreed to utilize in connection with our exploitation of the Master.

2. Grant of Rights.

   (a) We will own all rights, title and interest, including the worldwide copyrights in perpetuity, in the Master and all records derived from the Master. We will have the sole and exclusive right in perpetuity to manufacture, advertise, sell, license or otherwise dispose of the Masters and records derived from the Masters upon such terms, and under such trademarks, as we elect, or in our sole discretion, to refrain therefrom, and to perform the Masters publicly and to permit the public performance thereof by any method now or hereafter known.

   (b) You hereby grant to us the non-exclusive right, throughout the universe and in perpetuity, to use your and Artist's name, approved photograph, approved likeness and/or approved biography solely in connection with promotion, advertising, trade and exploitation of the Album and in general goodwill advertising.

1

    (c) We shall accord Artist appropriate credit on the album packaging of the Album, which shall be of equal prominence that all other artist participants.

3. Consideration.

    (a) In consideration of the rights granted herein, we shall pay Artist an advance in the amount of **750 dollars ($750)**, which amount shall be recoupable from any and all record royalties payable to Company hereunder.

    (b) You hereby expressly acknowledge and agree that our efforts in connection with the exploitation of the Album embodying the Master is good and valuable consideration and shall be sufficient for the grant of rights hereunder. We shall not be required to pay you any money in connection with our exploitation of the Master in accordance with the provisions of this Agreement. In connection with the initial pressing of the Album, we shall provide to Artist without charge fifteen (15) copies of the Album in the CD format. With respect to subsequent pressings of the Album, Artist shall receive one percent (1%) of the total number of units of the Album manufactured. Artist may purchase copies of the Album at a cost of five dollars ($5.00) per copy solely for sale at Artist's "live" performances.

4. Warranty and Indemnity.

    (a) You warrant and represent as follows: (i) You have the unrestricted right to enter into and perform this Agreement and to grant to us the rights granted herein; (ii) we will not be required to make any payments to you or any third party on your behalf in connection with the rights granted to us or exploited by us pursuant to this Agreement except to the applicable publisher(s) of the Composition; (iii) no materials, nor our use as authorized hereunder, including without limitation, your name, the Master, and the Artwork furnished by you and used in connection with the Album, will violate any law, statute, code, regulation, order or the terms of any other agreement, or infringe any third person's or entity's rights; and (iv) you own and control all right, title and interest in and to the Master.

    (b) You hereby indemnify and hold us harmless against any claims, damages, costs and expenses (including reasonable attorneys' fees) arising out of any breach or alleged breach by you of any warranty, representation or agreement in this Agreement. We hereby indemnify you against any claims, damages, costs and expenses (including reasonable attorneys' fees) arising out of any breach or alleged breach by us of any warranty, representation or agreement in this Agreement. The indemnities set forth in this paragraph shall only apply to claims that have been reduced to final adverse judgment or

settled with the indemnifying party's prior written consent, which consent shall not be unreasonably withheld.

5. No Obligation to Exploit.

We shall have no obligation to embody the Master on the Album.

6. Artwork.

You may furnish to us, subject to our reasonable approval, Artwork to be used on and in conjunction with the Album and our and our licensees' promotion thereof.

7. Definitions.

(a) The term "Album" shall mean a long-playing phonograph record in any configuration embodying the Master together with master recordings of musical composition(s) of other artists designated by us and known as "Pocket Bomb."

(b) The term "record" or "recordings" means all types of recording and playback on which sound can be recorded, whether embodying sound alone or sound with visual images, that are now in existence or are later discovered.

8. Miscellaneous.

(a) Neither party shall be deemed to be in breach of any of its obligations hereunder unless the other shall have sent specific written notice by certified or registered mail, return receipt requested, setting forth the nature of that breach or alleged breach and the breaching party shall have failed to cure that breach or alleged breach within thirty (30) days after it shall have received that notice: not withstanding the foregoing, this paragraph shall not apply to any breach by you of the terms of paragraph 4(a) above. All notices to either party shall be sent to their respective addresses on page one.

(b) This Agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed in New York.

(c) You have been represented or have had the unrestricted opportunity to be represented by an attorney of your own choice in connection with the negotiation of this Agreement. Further, you expressly acknowledge that we have advised you to seek the advice and counsel of an attorney experienced in the music industry in connection with your entering into and negotiating this Agreement. Any failure by you to do so has been determined solely by you; and

If you agree with the terms and conditions above please indicate your acceptance by signing below.

TOTAL P.04

Yours truly,

Ross Siegel d/b/a Law of Inertia

AGREED AND ACCEPTED:

Ross Siegel / Law of Inertia

By: _____

Matt Skiba / The Alkaline Trio

By: _____

Pocket Bomb – The A3          4